United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 04-20467
Summary Calendar

---

CHARLES KING,

Plaintiff-Appellant,

versus

UNITED STATES POSTAL SERVICE,

Defendant-Appellee.

-------------------------------------------------------------------------

CHARLES KING,

Plaintiff-Appellant,

versus

JOHN E. POTTER, Postmaster General,
United States Postal Service,

Defendant-Appellee.

---

Appeal from the United States District Court for
the Southern District of Texas, Houston
(USDC No. 4:01-cv-3702)

---

Before REAVLEY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

We affirm for the following reasons:

1.     The allegations in the agency EEO complaints do not indicate that King was subjected to severe and pervasive harassment sufficient to create a hostile working environment.  King failed to exhaust his administrative remedies with respect to his hostile work environment claim.  The district court correctly concluded that it lacked jurisdiction.  "Under law of the case doctrine, as now most commonly understood, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." *Arizona v. California*, 460 U.S. 605, 619 n.8, 103 S. Ct. 1382, 1391 n.8, 75 L.Ed 2d 318, 333 n.8 (1983).  For this reason, the district court's decision to revisit its previous order adopting the Magistrate Judge's M&R was proper.

2.     "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. Bessemer City*, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 1511, 84 L. Ed. 2d 518, 529 (1985).  Pat Garcia testified that King made

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

her feel in danger of falling and slammed a door in her face. Don Wright corroborated Beasley's testimony that King hit him in the shoulder. The assault and battery allegations were followed up with two serious investigations. In the course of these investigations, King was nonresponsive to questions. The officials who made the decisions to remove King, Maryke Cudd and Monica Coleman, testified that they had reason to believe King presented a danger. In light of this testimony, it was not clear error for the district court to find that King failed to prove by a preponderance of the evidence that he was discriminated against on the basis of his race or gender. Since Cudd and Coleman were unaware of King's EEO activity, it was not clear error for the district court to hold that King failed to prove by a preponderance of the evidence that he was retaliated against.

Affirmed.